JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Facsimile: (702) 921-2461
Email: joshua.sliker@jacksonlewis.com

SARAH P. WIMBERLY, ESQ.
(admitted *pro hac vice*)
Email: SWimberly@fordharrison.com
AMBER ARNETTE, ESQ.
(admitted *pro hac vice*)
Email: AArnette@fordharrison.com
**FORD HARRISON LLP**
271 – 17th Street, NW, Suite 1900
Atlanta, Georgia 30363
Telephone: (404) 888-3800

*Attorneys for Defendant Allegiant Air, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| COLLIN COFFMAN, et al.<br><br>                     Plaintiffs,<br><br>vs.<br><br>ALLEGIANT AIR, LLC, a domestic limited liability company,<br><br>                     Defendant. | CASE NO: 2:20-cv-01444-GMN-BNW<br><br>**JOINT STIPULATION AND ORDER TO EXTEND CURRENT DISCOVERY DEADLINES**<br><br>**[FIRST REQUEST]** |

Pursuant to LR 6-1 and LR 26-3, Plaintiffs, by and through their counsel of record, Nathan R. Ring of Novara, Tesija & Catenacci, PLLC, and Nicolas Manicone, Esq.; and Defendant, Allegiant Air, LLC, by and through its counsel of record, Sarah Pierce Wimberly, Esq. of Ford Harrison LLP and Joshua Sliker, Esq. of Jackson Lewis P.C., hereby stipulate to extend the currently scheduled discovery deadlines in this matter as further discussed below.

The main reason the parties submit this Stipulation for an extension of the current discovery deadlines is because they have been involved in extensive settlement discussions for several months. The settlement discussions in this case have included three Early Neutral Evaluation sessions before United States Magistrate Judge Albregts. The parties' settlement discussions have led to potential resolution of claims for all but one Plaintiff in this matter and the parties are in the process of finalizing settlement terms on those claims that may be resolved.

In support of this Stipulation, the parties state as follows:

**A.     DISCOVERY COMPLETED TO DATE.**

1. Plaintiffs have served the following on Defendant:

a. Written Discovery

I. Requests for Admission;

II. Requests for Production; and

III. Interrogatories.

Defendant provided responses to the Plaintiffs' Interrogatories, Requests for Admission and Requests for Production.

2. Defendant has served the following upon the Plaintiffs:

a. Written Discovery

I. Requests for Admission on each of the six Plaintiffs;

II. Requests for Production on each of the six Plaintiffs; and

III. Interrogatories upon each of the six Plaintiffs.

Plaintiffs have not yet responded to the written discovery served by the Defendant. Plaintiffs have not yet responded to the written discovery because Defendant provided Plaintiffs with an extension while the parties discussed resolution of this matter.

**B.      A SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED.**

In addition to the discovery noted above that has not yet been completed (in particular the yet to be responded to requests from Defendant to Plaintiffs), additional discovery that must be completed will include depositions. Though five of the Plaintiffs are close to resolution of this matter with Defendant, one remaining Plaintiff's claims appear unlikely to be settled. This case cannot be completed without depositions of Allegiant management personnel and this Plaintiff. The parties may also find it necessary to depose other Allegiant mechanics and employees in this matter.

**C.      THE REASONS WHY THE REMAINING DISCOVERY WAS NOT COMPLETED WITHIN THE TIME LIMIT OF THE EXISTING DISCOVERY DEADLINE.**

This case has a unique backdrop in that the individual Plaintiffs in this matter are or were all union members. The basis of their claims in this matter is disparate treatment by Defendant based on their status as union supporters, which is a violation of the Railway Labor Act. Defendant, of course, denies these allegations. Running in tandem with this case has been collective bargaining negotiations between the International Brotherhood of Teamsters and Defendant for a first collective bargaining agreement with the mechanic work group of which all six Plaintiffs are or previously were a part.

Three Early Neutral Evaluation sessions were held in this case. The first of those was on January 8, 2021. The two sessions following that were held on February 24, 2021 and April 15, 2021. The parties worked with Judge Albregts in each of the three sessions to reach potential resolution of the matter. The conversations at those meetings and conversations outside of these meetings appear to have been fruitful for five of the six Plaintiffs depending on placing those settlements into a final writing. One Plaintiff's claims do not appear as if they will be resolved, and litigation is likely necessary for his claims. The multiple attempts at early resolution first caused the parties to delay discovery in this matter in order to save resources for the parties on what would potentially be unnecessary discovery and litigation.

In addition, like most pending court cases, this litigation and potential discovery remaining to be completed between Plaintiffs and Defendant has been delayed because of the COVID-19 pandemic. The parties agreed to put off potential depositions of witnesses in order to allow the country and allowable

travel to reopen. That appears to now be happening and depositions can be safely completed in person in this matter. As the Court is well aware, until recently, it was very difficult to have any person agree to appear in person for depositions or if witnesses were willing to appear, meeting government emergency directives in doing so was difficult. This is now changing as vaccination expands into all age groups. The parties fully expect the depositions that must occur in person to actually occur in person.

Now that the parties are likely to have narrowed the issues as much as possible in this matter, discovery is likely on a single Plaintiff's claims after settlement discussions related to that Plaintiff did not bear fruit. Through the process of Early Neutral Evaluations, settlement discussions, and discussion at the bargaining table, this case has been narrowed considerably.

Under the circumstances of this matter and the parties' lengthy course of settlement discussions, they stipulate to an additional 120 days for the discovery deadlines noted below:

**D.      PROPOSED NEW DISCOVERY SCHEDULE.**

Based upon the above information, the parties propose the following revised discovery deadlines in this matter:

**Discovery Cut-Off**

The current discovery cut-off deadline is July 1, 2021. The parties propose this be moved to October 29, 2021. The added 120 days will give the parties the ability to conduct discovery in this matter on the remaining unsettled claims in fewer days than the customary 180 day discovery period.

**Amended Pleadings and Added Parties**

The parties' current deadline for amending pleadings passed on April 2, 2021. The parties request that they be granted 120 days on that deadline in which to file any motions to amend the pleadings or add parties. Though it is not expected that such motions will be necessary, the parties believe that good cause is shown for extending this deadline under the circumstances of this matter. The parties' new proposed deadline is August 2, 2021. The date that is 120 days from April 2, 2021 is a Saturday and the requested deadline has been moved forward to the next court day.

**Expert Disclosures**

Current deadlines for prospective expert witnesses passed on May 3, 2021. All prospective rebuttal expert witnesses were required to be disclosed on or before June 1, 2021. These deadlines passed but the parties believe they have good cause to extend the deadlines. The course of this proceeding and the parties' commitment to settlement through the three Early Neutral Evaluation sessions and many other communications and discussions demonstrate good cause for moving these expired deadlines. The parties propose all prospective expert witnesses be disclosed on or before August 31, 2021 and all prospective rebuttal expert witnesses be disclosed on or before September 29, 2021.

**Dispositive Motions**

The parties' current deadline for filing dispositive motions in this case is July 31, 2021. The parties propose this date be moved to November 29, 2021, which is 31 days after the newly proposed discovery cutoff date. The date that is 30 days from October 29, 2021 is a Sunday and the requested deadline has been moved forward to the next court day.

**Joint Pretrial Order**

The current Joint Pretrial Order deadline in this case is August 30, 2021. The parties propose this deadline be moved to December 29, 2021. This date is 30 days following the newly proposed dispositive motion deadline. In the event dispositive motions are pending before the Court on that date, the date for filing the Joint Pretrial Order shall be suspended until thirty days after the date of the Court's decision on the last dispositive motion.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

The parties request to extend deadlines in good faith and not for the purposes of undue delay of these proceedings. The parties request only the amount of additional time they deem necessary for completion of discovery in this matter. The parties believe that based upon the above and foregoing explanation, good cause exists for extending the above noted deadlines.

Dated: June 9, 2021                    **NOVARA, TESIJA & CATENACCI, PLLC**

By:    /s/ Nathan R. Ring
Nathan R. Ring, Nevada State Bar No. 12078
*Counsel for Plaintiffs*

Dated: June 9, 2021                    **NICOLAS MANICONE, ESQ.**

By: /s/ Nicolas Manicone
Nicolas Manicone, Esq., *admitted pro hac vice*
*Counsel for Plaintiffs*

Dated: June 9, 2021                    **JACKSON LEWIS P.C.**

By: /s/ Joshua Sliker
Joshua Sliker, Nevada State Bar No. 12493
*Counsel for Defendant*

Dated: June 9, 2021                    **FORD HARRISON LLP**

By: /s/ Sarah P. Wimberly
Sarah Pierce Wimberly, Esq., *admitted pro hac vice*
*Counsel for Defendant*

## Order

IT IS ORDERED that the parties' stipulation is GRANTED.  However, the Court instructs the parties that it is not inclined to grant additional extensions absent extraordinary circumstances showing good cause.

**IT IS SO ORDERED**

**DATED:** 3:01 pm, June 11, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

6